[No. 13584-5-III. Division Three. April 13, 1995.]

PATRICIA N. PAYNE, *Appellant*, v. CHILDREN'S HOME SOCIETY OF WASHINGTON, INC., *Respondent*.

*David H. Putney* and *Putney, Mazzola Law Offices,* for appellant.

*Otto G. Klein III, Carole Rafferty,* and *Heller, Ehrman, White,* for respondent.

*Rosemary Daszkiewica,* amicus curiae.

THOMPSON, C.J. — Patricia Payne appeals the summary judgment dismissal of her hostile work environment sexual harassment lawsuit against Children's Home Society of Washington, Inc., her former employer. Her lawsuit was brought under RCW 49.60.180(3), which makes it an unfair practice for any employer to "discriminate against any person in compensation or in other terms or conditions of employment because of [such person's] . . . sex . . .". We affirm.

Ms. Payne was employed as a secretary by Children's. Approximately 1¹/₂ years after she was hired, Children's created a position called Director of Services. Arthur Tirotta was hired for that position. As Director of Services, Mr. Tirotta was Ms. Payne's supervisor.

After a period of time, Ms. Payne said she felt Mr. Tirotta's conduct became abusive. She terminated her employment and commenced this lawsuit. In depositions, she described the offending conduct as follows:

> When he would talk, if he were the least bit upset he would begin to get red in the face. He would pace back and forth on the floor, use a tone of voice that was very demeaning and degrading . . ..
>
> . . . .
>
> . . . [Mr. Tirotta] was so unsure most of the time of what he needed and what he wanted and when he needed it. . . .
>
> His means of dealing with most women in the office were a means of anger, outbursts. It was like you should have known what he needed and wanted before he did.

In opposing summary judgment, Ms. Payne did not submit affidavits or deposition testimony by other employees. Descriptions of Mr. Tirotta's conduct toward her and others was limited to her own deposition testimony. She stated:

> [Mr. Tirotta] had communications problems with Peggy [Haskin], with Evelyn Chavez, Diana Houke . . . run-ins with

Barbara McKenzie. They had their differences. Pepper [Irwin . . . Bob Reno]. Those are only some.

. . . .

He didn't appear to have that problem with Vince. He didn't appear to have that problem with Dan. It was mostly women that he had the communication problems with.

. . . .

[COUNSEL:] Did you ever see Mr. Tirotta have an outburst or get angry with Mr. Reno?

[MS. PAYNE:] Yes. . . . Once.

. . . .

[COUNSEL:] Did you ever hear about whether Mr. Tirotta ever got angry or had any outbursts with Mr. Foster, Mr. Alvarado or Mr. Klein, even if you didn't see it yourself?

[MS. PAYNE:] I've heard that he had with Mr. Klein, but I didn't witness that.

. . . .

[COUNSEL:] Did Mr. Tirotta to your knowledge either from what you saw or from what you heard from others ever have an outburst or get angry with Ms. Osborne?

[MS. PAYNE:] I never saw the two of them interact at all.

The trial court granted summary judgment to Children's on the basis Ms. Payne produced no evidence to show the conduct complained of occurred because of gender and because the conduct complained of did not constitute sexual harassment as a matter of law.

Ms. Payne contends the sole issue on appeal is a question of law. That question is, does a sexual harassment hostile work environment claim under RCW 49.60.180 exist if the conduct complained of is not explicitly sexual, but is gender based?

 While we do not agree with Ms. Payne's contention that the sole question is the one she has framed, for reasons explained below, we agree that conduct does not have to be sexual in nature to constitute a violation of RCW 49.60.180(3). Indeed, Children's conceded this point during oral argument.

RCW 49.60.180(3) prohibits an employer from discriminating in "terms or conditions of employment because of [such person's] . . . sex . . .". It does not suggest any requirement that discriminatory conduct involve sexual advances, innuendo, or physical contact to be actionable. Although no reported case in Washington has addressed the precise issue

presented, our holding is supported by the language of the statute and the liberal construction it must be given.[1] It also flows logically from existing Washington opinions and is in accord with the holdings of numerous courts interpreting federal discrimination law.

Where a hostile work environment is created by sexual harassment and such harassment becomes a condition of employment, Washington courts have consistently held the harassment actionable under RCW 49.60.180(3).[2] *See, e.g., Glasgow v. Georgia-Pacific,* 103 Wn.2d 401, 693 P.2d 708 (1985); *Coville v. Cobarc Servs., Inc.,* 73 Wn. App. 433, 869 P.2d 1103 (1994); *Thompson v. Berta Enters., Inc.,* 72 Wn. App. 531, 864 P.2d 983, *review denied,* 124 Wn.2d 1028 (1994); *Delahunty v. Cahoon,* 66 Wn. App. 829, 835-36, 832 P.2d 1378 (1992); *Fisher v. Tacoma Sch. Dist. 10,* 53 Wn. App. 591, 769 P.2d 318, *review denied,* 112 Wn.2d 1027 (1989); *Henderson v. Pennwalt Corp.,* 41 Wn. App. 547, 704 P.2d 1256 (1985). As stated in *Glasgow,* at 405, "[s]exual harassment as a working condition unfairly handicaps an employee against whom it is directed in his or her work performance and as such is a barrier to sexual equality in the workplace."

When gender-based harassment is not of a sexual nature, but is a term or condition of employment, it too unfairly handicaps the employee against whom it is directed and creates a barrier to sexual equality in the workplace. *Cf. Glasgow,* at 405. A court-imposed requirement that the con-

---

[1]RCW 49.60.020 requires that the provisions of RCW 49.60 be construed liberally for the accomplishment of its purpose.

[2]Sexual harassment claims are frequently categorized as either quid pro quo harassment claims or hostile work environment claims. The former arise when submission to sexual conduct is made a condition of employment benefits. *Glasgow v. Georgia-Pacific,* 103 Wn.2d 401, 405, 693 P.2d 708 (1985); *Thompson v. Berta Enters., Inc.,* 72 Wn. App. 531, 535-36, 864 P.2d 983, *review denied,* 124 Wn.2d 1028 (1994). The other type of sexual harassment claim arises when an employer creates a hostile or abusive work environment which deprives the employee of the opportunity to work free of sexual discrimination. *Glasgow,* at 405. In *Glasgow,* the employee's claim was based on the creation of a hostile work environment. The conduct at issue was overtly or explicitly sexual in nature. It included the touching and fondling of a female employee in unwanted sexual ways.

duct be explicitly sexual to be actionable would be contrary to the purpose of RCW 49.60.

As noted by amicus curiae and the parties, several federal courts have addressed the question of whether Title VII, § 703 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (1982) requires offending conduct to be overtly sexual to be actionable. Since Title VII prohibits discrimination in "terms, conditions, or privileges of employment . . .", such cases are persuasive when construing RCW 49.60.180(3). *See Fahn v. Cowlitz Cy.*, 93 Wn.2d 368, 376, 610 P.2d 857 (1980) (a state statute which is similar in purpose to a federal statute involving the same subject may be construed in accordance with federal court constructions of the federal statute). *See also Glasgow*, at 406 n.2; WAC 162-30-010.[3]

A growing number of federal courts hold that harassment does not have to be sexual in nature to establish a discriminatory hostile or abusive work environment claim. *See Andrews v. Philadelphia*, 895 F.2d 1469, 1485 (3d Cir. 1990) (offensive workplace conduct need not be of a sexual character so long as gender was a "substantial factor" in the discrimination); *Hall v. Gus Constr. Co.*, 842 F.2d 1010, 1014 (8th Cir. 1988) ("[i]ntimidation and hostility toward women because they are women can obviously result from conduct other than explicit sexual advances"); *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415 (10th Cir. 1987) ("any harassment or other unequal treatment of an employee . . . that would not occur but for the sex of the employee . . . if sufficiently patterned or pervasive, [may] comprise an illegal condition of employment under Title VII" (quoting and adopting standard set forth in *McKinney v. Dole*, 765 F.2d 1129, 1138 (D.C.

---

[3]WAC 162-30-010states:

"In the interest of consistency and to avoid confusion on the part of persons governed by both the state and federal sex discrimination laws, the commission will generally follow interpretations of the sex discrimination provisions of Title VII of the United States Civil Rights Act of 1964, 42 USC § 2000e and following, where the federal act is comparable to the state act. See in particular part 1604 of the regulations of the United States Equal Employment Opportunity Commission, 42 [29] CFR Part 1604. The commission will not follow federal precedents where it believes that a different interpretation will better carry out the purposes of the state act."

Cir. 1985))); *Campbell v. Kansas State Univ.*, 780 F. Supp. 755 (D. Kan. 1991) (predicate conduct underlying sexual harassment claim under Title VII need not be sexual or prurient in nature); *Robinson v. Jacksonville Shipyards, Inc.*, 760 F. Supp. 1486, 1522 (M.D. Fla. 1991) (sex discrimination includes harassing behavior lacking sexually explicit content but directed at women and motivated by animus against women).

Given the language of RCW 49.60.180(3), the underlying purpose of RCW 49.60, and the state and federal decisions cited above, gender-based harassment need not be of a sexual nature to be actionable as sex discrimination under RCW 49.60.180(3). It is actionable if the employee proves the elements set forth in *Glasgow*.[4] That is, the harassment must (1) be unwelcome, (2) occur because of sex, (3) affect the terms or conditions of employment, and (4) be imputed to the employer. *Glasgow*, at 406-07.

We turn next to Children's contention the conduct Ms. Payne complained of was in the nature of a personality conflict, which does not constitute harassment as a matter of law. To constitute harassment under RCW 49.60, Children's contends the conduct must meet the definition of harassment in RCW 9A.46.020(1).[5]

■ We reject Children's contention. Conduct is harassing when it is "unwelcome in the sense that the plaintiff-em-

---

[4]We note the same proof has been required of an employee seeking to establish a hostile work environment claim under RCW 49.60.180(3) based on racial discrimination. *Fisher v. Tacoma Sch. Dist. 10*, 53 Wn. App. 591, 769 P.2d 318, *review denied*, 112 Wn.2d 1027 (1989).

[5]RCW 9A.46.020(1) defines harassment as:

"(a) Without lawful authority, the person knowingly threatens:

"(i) To cause bodily injury in the future to the person threatened or to any other person; or

"(ii) To cause physical damage to the property of a person other than the actor; or

"(iii) To subject the person threatened or any other person to physical confinement or restraint; or

"(iv) Maliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety; and

"(b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out."

ployee did not solicit or incite it, and in the further sense that the employee regarded the conduct as undesirable or offensive." *Glasgow*, at 406. The employee need not fear bodily injury. *Teague Motor Co. v. Federated Serv. Ins. Co.*, 73 Wn. App. 479, 869 P.2d 1130 (1994), cited by Children's, does not hold to the contrary. The issue in that case was the meaning of harassment for purposes of interpreting coverage under an insurance policy provision defining personal injury as embarrassment, humiliation or mental anguish arising out of any type of harassment. *Teague*, at 481. *Teague* determined that coverage was not restricted to sexual harassment; it included any form of harassment as defined in RCW 9A.46.020(1). *Teague* does not hold that the criminal definition of harassment found in RCW 9A.46 should define sexual harassment under RCW 49.60. Because the statutes have entirely different purposes, the definitions are not interchangeable.

▪ Children's also contends Ms. Payne failed to establish a prima facie case of hostile work environment sex discrimination because she provided no evidence as to the substance or frequency of the allegedly harassing conduct, there was insufficient evidence to support an inference that the alleged harassment was motivated by gender, and there was no admissible evidence imputing Mr. Tirotta's conduct to Children's. The moving party's initial burden on summary judgment is to show the absence of a genuine issue of material fact. If that burden is met, the nonmoving party must establish a prima facie case. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 395, 823 P.2d 499 (1992).

▪ In determining whether harassment occurs "because of sex", the appropriate question is: "would the employee have been singled out and caused to suffer the harassment if the employee had been of a different sex?" *Glasgow*, at 406. Under *Glasgow*, gender must be the "motivating factor" for the unlawful discrimination.

In deposition, Ms. Payne said Mr. Tirotta's behavior toward her and most women was unlike his behavior toward men. She gave names of some other female employees who alleg-

edly experienced the type of behavior she did. The fact that discriminatory behavior is not directed at all members of plaintiff's gender is not fatal, so long as the plaintiff shows if she had been of the opposite gender, she would not have been so treated. *See Tomkins v. Public Serv. Elec. & Gas Co.*, 568 F.2d 1044 (3d Cir. 1977). However, Ms. Payne failed to present affidavits or deposition testimony from any other employees which would tend to show that Mr. Tirotta's behavior toward them was abusive "because of sex". Further, her own statements regarding the treatment of other employees were conclusory and constituted inadmissible hearsay, objections which were raised by Children's. Finally, Ms. Payne testified that Mr. Tirotta had angry outbursts toward some male employees as well as some female employees. Such statements, when viewed in a light most favorable to Ms. Payne as the nonmoving party, were insufficient to create an issue of fact.

■ Ms. Payne also failed to create an issue of fact as to whether Mr. Tirotta's conduct was sufficiently severe and persistent as to affect the "terms or conditions of employment". To become a term or condition of employment, the harassment must be more than casual or trivial. As stated in *Glasgow*, at 406-07:

> Casual, isolated or trivial manifestations of a discriminatory environment do not affect the terms or conditions of employment to a sufficiently significant degree to violate the law. The harassment must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment. Whether the harassment at the workplace is sufficiently severe and persistent to seriously affect the emotional or psychological well being of an employee is a question to be determined with regard to the totality of the circumstances.

As to Children's responsibility for Mr. Tirotta's conduct, a coemployee's sexual harassment can be imputed to the employer if that coemployee is a manager who personally participates in the harassment. *Glasgow*, at 407. There was evidence Mr. Tirotta was a manager. He had authority to hire employees after consultation with Children's regional vice president. He also was responsible for completing evaluations of the employees in his office, Ms. Payne included,

and he discussed those evaluations with Children's regional vice president whose function was to "advise" him. Although Mr. Tirotta did not fire any employees, it is not clear from the evidence that he could not do so. Therefore, we disagree with Children's contention that Ms. Payne failed to present sufficient evidence to show that Mr. Tirotta's conduct could be imputed to Children's. Nevertheless, because Ms. Payne failed to establish a prima facie case by showing Mr. Tirotta's conduct was because of sex and her endurance of it was a term or condition of employment, the summary judgment of dismissal is affirmed.

SWEENEY and SCHULTHEIS, JJ., concur.

Review denied at 127 Wn.2d 1012 (1995).